UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

| | | |
|---|---|---|
| JANE DOE 3, | : | |
| | : | |
| Plaintiff, | : | **No. 24-Civ. _____** |
| | : | |
| v. | : | **NOTICE OF REMOVAL** |
| | : | |
| DARREN K. INDYKE and RICHARD D. | : | |
| KAHN, in their capacities as co-executors of | : | |
| the ESTATE OF JEFFREY EDWARD | : | |
| EPSTEIN, | | |
| | | |
| Defendants. | | |

-------------------------------------------------------- x

TO:     THE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF NEW YORK:

        PLEASE TAKE NOTICE that Defendants Darren K. Indyke and Richard D.

Kahn, in their capacities as co-executors of the Estate of Jeffrey E. Epstein, by and through their

undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby remove

the civil action entitled *Jane Doe 3 v. Darren K. Indyke and Richard D. Kahn, in their capacities*

*as co-executors of the Estate of Jeffrey Edward Epstein.*, filed in the Supreme Court of the State

of New York, County of New York, Index No. 152161/2024, to the United States District Court

for the Southern District of New York. As required by 28 U.S.C. § 1446(a), a short and plain

statement of the grounds for removal is set forth below:

## **INTRODUCTION**

        1.     On March 13, 2024, Plaintiff commenced this action in the Supreme Court of the

State of New York, County of New York, naming Darren K. Indyke and Richard D. Kahn, in their

capacities as co-executors of the Estate of Jeffrey Edward Epstein, as defendants. As required by

28 U.S.C. 1446(a), attached as **Exhibit A** are true and correct copies of all process, pleadings,

orders, and other papers and exhibits filed in the state court.

2.     Defendants accepted service of the Summons and Complaint in this action on March 20, 2024.  A copy of the Summons, Complaint and signed Order to Show Cause, as received, is attached hereto as **Exhibit B.**

3.     As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because (1) this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332 and 1441 and (2) Removing Defendants have satisfied the procedural requirements for removal.

## THE COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS ACTION

4.     Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's Complaint asserts claims arising under a federal statute, the Trafficking Victims Protection Act, 18 U.S.C. §§ 1591 (a)(1), 1595. *See* Ex. A, Compl. ¶¶ 66-84.  The Court thus has federal question jurisdiction over this action.

5.     The Court also has supplemental jurisdiction over Plaintiff's claims under New York law and common law because they are "so related to claims in the action" within the Court's original jurisdiction that they "form part of the same case or controversy under Article III." 18 U.S.C. § 1367. Plaintiff's claims under New York law and common law rely entirely on the same factual allegations and assert the same type of alleged unlawful conduct (*i.e.*, sexual abuse), as her claims under the Trafficking Victim Protection Act. Courts routinely exercise supplemental jurisdiction over state law claims that, like Plaintiff's, mirror federal claims in the same case. *See e.g.*, *Chaluisan v. Simsmetal E. LLC*, 698 F. Supp. 2d 397, 400-406 (S.D.N.Y. 2010) (exercising supplemental jurisdiction over state common law claims when the state common law claims and federal claim are "derived from a common nucleus of operative fact"); *Heron v Medrite Testing, LLC*, 2022 WL 1214179, at *6 (S.D.N.Y. Apr. 25, 2022) (exercising supplemental jurisdiction

over non-federal law claims because they mirror the federal claims).

## THE COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(a) because, as set forth below, this suit is between citizens of a State and citizen of a

foreign state, and the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs.

7.      Plaintiff states in her Complaint that she is a citizen of the European Union.  *See*

Ex. A, Compl. ¶ 12.  Consequently, she is a "citizen[] or subject[] of a foreign state" for purposes

of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(2).

8.      Epstein was a citizen of the United States domiciled in the U.S. Virgin Islands at

the time of this death. *See* Ex. A, Compl. ¶ 19. As the co-executors of the Estate of Jeffrey E.

Epstein, Defendants are deemed citizens of the U.S. Virgin Islands. *See* 28 U.S.C. § 1332(c)(2).

9.      Accordingly, because Plaintiff is a citizen of the European Union and Defendants

are citizens of the U.S. Virgin Islands, the parties are "citizens of a State and [a] citizen[] or

subject[] of a foreign state," thereby satisfying the requirement of complete diversity.  *See* 28

U.S.C. § 1332(a)(2); 28 U.S.C. § 1332(e).

10.      A removing defendant need only show "a 'reasonable probability' that the claim

is in excess of the statutory jurisdictional amount" of $75,000.  *United Food & Comm'l Workers*

*Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 2004).  In

determining that amount, a district court should first review the plaintiff's allegations.

*Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). Here, Plaintiff claims

that as a victim of Epstein's sexual abuse she has suffered and will continue to suffer monetary

damages, "physical injury, pain, emotional distress, psychological trauma, mental anguish,

humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy, and a loss

of her capacity to enjoy life, as well as other damages." *See* Ex. A, Compl. ¶¶ 71, 81, 89, 94, 102.

Plaintiff alleges that these injuries are "permanent in nature." *See* Ex. A, Compl. ¶¶ 71, 81.

Plaintiff seeks compensatory, consequential, exemplary, punitive damages, as well as attorneys'

fees from the Estate of Epstein. *See* Ex. A, Compl. ¶¶ 71, 72, 73, 81, 83, 84, 89, 90, 94, 102. Based

on the extent of injuries the Plaintiff alleges and the relief Plaintiff seeks, it is facially apparent that

that the damages claimed by Plaintiff exceed the statutory jurisdictional amount of $75,000 under

28 U.S.C. 1332(a), exclusive of interest and costs. *See Burr ex rel. Burr v. Toyota Motor Credit*

*Co.*, 478 F. Supp. 2d 432, 439 (S.D.N.Y. 2006) (finding the jurisdictional amount of $75,000 has

been met when complaint alleged "serious and severe permanent personal injuries").

## ADDITIONAL PROCEDURAL MATTERS

11.     Removal is timely because fewer than 30 days have elapsed since Defendants

accepted service of the Summons and Complaint on March 20, 2024.  *See* 28 U.S.C. § 1446(b)(1)

(removal is proper within 30 days of receipt of a complaint "through service or otherwise").

12.     This action is properly removed to the United States District Court for the

Southern District of New York, and venue is proper in this District, because this District embraces

the Supreme Court of the State of New York, County of New York, where this action was initially

filed.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 112(b).

13.     Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action will be

promptly served upon Plaintiff and a Notice of Removal to Federal Court will be filed with the

Clerk of the Supreme Court of the State of New York, County of New York.

## RESERVATION OF RIGHTS

14.     By removing this action to this Court, Defendants do not waive any defenses,

objections, or responsive pleadings which are or may become available to it under state or federal

law.  Defendants expressly reserves the right to move for dismissal of some or all of Plaintiff's

4

claims for failure to state a claim, collateral estoppel, res judicata, or any other applicable grounds.

15.    Should any question arise as to the propriety of this removal, Defendants respectfully request the opportunity to brief and argue any disputed issues.

WHEREFORE, Defendants give notice that this matter in the Supreme Court of the State of New York, County of New York, bearing Index No. 152161/2024, is hereby removed to the United States District Court for the Southern District of New York, and request that this Court retain jurisdiction for all further proceedings in this matter.

Dated:        New York, New York
                March 22, 2024

Respectfully submitted,

*/s/ Daniel S. Ruzumna*
Daniel S. Ruzumna, Esq.
Tara J. Norris, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10583
Telephone: (212) 336-2034
Facsimile: (212) 336-1205
Email: druzumna@pbwt.com
tnorris@pbwt.com

Counsel for Richard D. Kahn, in his capacity as the
Co-Executor of the Estate of Jeffrey E. Epstein

*/s/ Daniel H. Weiner*
Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6874
Facsimile: (212) 299-6874
Email: daniel.weiner@hugheshubbard.com
marc.weinstein@hugheshubbard.com

Counsel for Darren K. Indyke, in his capacity as the
Co-Executor of the Estate of Jeffrey E. Epstein