

www.pbwt.com

May 8, 2024

Daniel Ruzumna
(212) 336-2034
druzumna@pbwt.com

By ECF

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007
(212) 805-0238

     **Re:** ***Bensky v. Indyke, et al.*; *Doe 3 v. Indyke, et al.*,**
       **24 Civ. 1204 (AS); 24 Civ. 2192 (AS)**

Dear Judge Subramanian:

    We represent Defendant Richard D. Kahn, Co-Executor of the Estate of Jeffrey E. Epstein, in the above-captioned matters. As Your Honor is aware, on April 23, 2024, the Court granted in part Defendants' motion to stay discovery in the *Bensky* action and set forth certain initial discovery steps the Court expected the parties to take in advance of the May 30, 2024 initial conference. Dkt. No. 53. The Court did not identify third-party discovery as one of these permitted initial discovery steps in the April 23, 2024 Order.

    On April 26, 2024, Plaintiffs' counsel in the *Bensky* and *Doe* actions forwarded to Defendants' counsel Rule 45 subpoenas issued to a non-party individual (Bella Klein) and a non-party entity (HBRK Associates, Inc.) in each of the pending actions. *See* attached Exs. A-D. On May 1, 2024, we wrote to Plaintiffs' counsel, expressing our view that third-party discovery was not contemplated under the Court's April 23, 2024 Order and, in any event, was premature in light of the Co-Executors' pending motions to dismiss in both actions, which have the potential to substantially narrow the scope of discovery. We proposed adjourning the deadline by which Ms. Klein and HBRK must respond or object to Plaintiffs' subpoenas, without waiving objections, to at least two weeks after the May 30, 2024 conference. We also accepted service of the subpoena on behalf of HBRK and referred Plaintiffs to counsel for Ms. Klein. Absent the Court's intervention, any objections to the subpoenas would be due on May 15, 2024, pursuant to Rule 45(d)(2)(B).

    Having not heard back on our proposal, we asked Plaintiffs' counsel to meet and confer regarding the service and timing of the third-party subpoenas. In a telephone conference

Hon. Arun Subramanian
May 8, 2024
Page 2

with Plaintiffs' counsel and Ms. Klein's counsel on May 6, 2024, we proposed that the parties and the third-party subpoena recipients agree that HBRK's responses and objections would be due two weeks after the Court lifts the stay on discovery in *Bensky*, and 30 days after the lifting of the stay for Ms. Klein. The conference was attended by Sigrid McCawley (co-lead counsel), Andrew Villacastin, and Daniel Crispino for Plaintiffs; Daniel H. Weiner (co-lead counsel) for Co-Executor Darren K. Indyke; Fran Hoffinger and Mark Geisler for non-party Ms. Klein; and Tara Norris and I (lead counsel) for Mr. Kahn and non-party HBRK. The conference lasted just under 30 minutes. We asked for an answer to our proposal by noon today. Shortly before noon, Plaintiffs' counsel declined our proposal.

On behalf of Defendants and non-parties HBRK (an entity owned by Mr. Kahn) and Ms. Klein, we respectfully request that the Court quash the pending third-party subpoenas without prejudice to Plaintiffs re-serving them, potentially as amended, following the Court's lifting of the partial stay of discovery. The reasons to include third-party discovery in the partial stay are largely the same as those set forth in Defendants' motion to stay discovery pending resolution of their motion to dismiss in the *Benksy* action. Dkt. No. 35. In summary, if Danielle Bensky's individual claims and the putative class allegations are dismissed or stricken, the scope of discovery will be far narrower than it would be under the complaints as they are currently drafted. Non-parties should not be burdened with responding to discovery demands that go far beyond the scope of cognizable claims before the Court. Quashing the third-party subpoenas without prejudice would avoid any argument that objections to those subpoenas have been waived.

The Rule 45 subpoenas exemplify the discovery overreach that the Co-Executors warned about in their motion to stay. The *Bensky* action involves allegations on behalf of a putative class of "dozens of women" who were sexually abused by Epstein "beginning in and around 1995 and continuing through the summer of 2019." (*Bensky* Compl. ¶¶ 29, 191). The *Doe* action is much narrower in scope and involves claims arising out of "months" of alleged abuse of Ms. Doe in 2014. (Doe Compl. ¶¶ 2, 50). Nonetheless, Plaintiffs served substantively identical subpoenas to HBRK and Ms. Klein in the *Bensky* and *Doe* actions, seeking extensive documentary productions covering the time period from January 1, 1995 to the present. *See, e.g.*, Ex. A at 10, (*Bensky* Subpoena to HBRK Associates, Inc., Instruction 1); Ex. B at 10 (*Doe* Subpoena to HBRK Associates, Inc., Instruction 1). The Court should resolve the Co-Executors' argument that Ms. Bensky's and the putative class's claims have been released before Plaintiffs can seek to impose the substantial legal obligation on non-parties to locate, collect, and produce discovery from 19 years before Ms. Doe's alleged abuse occurred.

Non-parties should not be required to bear the costs and burden of responding to significantly overbroad third-party subpoenas, especially considering that a modest adjournment of the date by which they must respond or object to the subpoenas would potentially spare them unnecessary and costly document reviews and productions. Even if HBRK and Ms. Klein were to limit their subpoena responses to focus only on Ms. Doe's claims and a time frame appropriate for alleged conduct in 2014, they could be required to conduct a second document collection, review, and production if the Court were to deny the Co-Executors' motion to dismiss Bensky's claims and to dismiss or strike the class allegations—a duplicative process that would also be costly and

time consuming. Although the Co-Executors did not move to stay discovery in the *Doe* action, requiring non-parties to respond to subpoenas in that action and potentially requiring them to respond again later would be burdensome and inefficient. Further, the fact that Plaintiffs served identical subpoenas in the *Bensky* and *Doe* cases further counsels in favor of quashing the *Doe* Rule 45 subpoenas; Plaintiffs' counsel should not be permitted to use the *Doe* action as an end-run of the Court's order staying discovery in the *Bensky* action.

Defendants respectfully submit that, consistent with the Court's partial stay of discovery in the *Bensky* action and to avoid substantial and potentially unnecessary work by non-parties, the Court should quash the pending third-party subpoenas in these cases without prejudice to Plaintiffs re-serving the subpoenas following the lifting of the partial stay. On behalf of Ms. Klein, we also request that she be permitted 30 days to respond to any subpoena without waiving objections.

We appreciate Your Honor's consideration of this request.

Respectfully submitted,

Daniel S. Ruzumna

Enclosures
Cc: All counsel of record (via ECF)
      Fran Hoffinger (counsel for nonparty Bella Klein)