

May 9, 2024

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, New York 10007

Plaintiffs represent that they are only seeking responses and objections to subpoenas, not production of documents. The recipients need not produce documents until further order. The Court expects that the experienced counsel on this case can work together to resolve their remaining issues. But if they can't, they can seek the Court's guidance.

The Clerk of Court is directed to terminate the motion at Dkt. 54.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: May 9, 2024

Re:  *Bensky, et al v. Indyke, et al*, Case No.: 24-cv-1204 (AS);
  *Jane Doe 3 v. Indyke, et al*, Case No. 24-cv-2192 (AS)

Dear Judge Subramanian:

We represent Plaintiffs in the above-captioned matters and write in response to Defendants' letter motion to quash third-party subpoenas served on HBRK Associates, Inc., and Bella Klein. *Bensky* Dkt. 54; *Jane Doe 3* Dkt. 19. There are two subpoenas at issue: the first for a central individual employed by Defendant Kahn who previous asserted her Fifth Amendment right in other Epstein related litigation when served with a similar subpoena and the second for the named Defendant, Richard Kahn's company HBRK, that controls all of the critical documents relevant to this matter. Plaintiffs did not demand the production of documents but instead requested in accordance with the Court's April 23 Order that each respond to the subpoenas and provide their objections. Accordingly, the Court should deny Defendants' latest attempt to further delay these cases and avoid discovery into their central roles in Jeffrey Epstein's sex-trafficking enterprise.

Quashing the subpoenas would gut the Court's April 23 Order, which directed the parties to "serve discovery demands, negotiate search terms and custodians, and collect documents for production." *Bensky* Dkt. 53. Because Defendants' counsel informed us last year that "all of [Kahn's] relevant documents are properly considered HBRK documents and will be produced by HBRK," granting the motion to quash would effectively foreclose Plaintiffs' ability to proceed meaningfully with discovery in these cases.[1] The motion also does not substantiate Defendants' burden arguments in any meaningful way, and any assertion that serving responses and objections to Rule 45 document subpoenas –without having to produce documents -- would be unduly burdensome is baseless.

In its April 23 Order, the Court held that "the parties need not produce documents until further order of the Court" but otherwise denied Defendants' motion to stay, which was filed only

---

[1] HBRK is "an entity owned by Mr. Kahn," who is the "RK" in the company's name. *Bensky* Dkt. 54 at 2. That entity provided accounting services either exclusively or nearly exclusively to Jeffrey Epstein and employed at most a handful of individuals including Bella Klein.



in the class action against Indyke and Kahn in their individual capacities. Per that order, the parties were to "negotiate an ESI order as appropriate, serve discovery demands, negotiate search terms and custodians, and collect documents for production." Instead of complying with the Court's order, however, Defendants have (i) failed to agree to draft ESI and confidentiality orders sent to them on April 22, *see* Ex. A; (ii) delayed identifying a date for which they are available to negotiate search terms and custodians, *id.*; and (iii) as explained below, are attempting to evade their obligation to collect documents for production. Defendants now seek to impede discovery even further by filing the instant motion to quash on the implausible (and unsupported) argument that serving responses and objections to Rule 45 subpoenas is unduly burdensome.

<u>Defendants Asserted that Richard Kahn's Documents Are Only Within HBRK's Control.</u>

Quashing the HBRK subpoenas would completely cut off discovery into Richard Kahn's documents. In an email sent on March 9, 2023, concerning a Rule 45 subpoena served on Kahn, his counsel (who is also his counsel in these cases) asserted that "Mr. Kahn does not have any documents relating to his work for Jeffrey Epstein or entities owned by Epstein in his personal capacity. Accordingly, all of his relevant documents are properly considered HBRK documents and will be produced by HBRK." Ex. C (excerpt of email chain between counsel in *Jane Doe v. JP Morgan Chase*, 22 Civ. 10019 (JSR)). Because these cases concern Defendants' (including Kahn's) participation in Jeffrey Epstein's sex-trafficking enterprise, their refusal to begin discovery into HBRK's documents effectively overrules this Court's order to "negotiate search terms and custodians, and collect documents for production" for one of the two named Defendants.

Plaintiffs do not accept the proposition that Kahn and Indyke do not have the requisite possession, custody, or control over documents they sent, received, or had access to while working for the many Epstein-related entities they were involved with. But to even begin pealing back the layers of Defendants' corporate entity shell game (as applied to civil discovery), Plaintiffs need formal written responses and the ability to confer over those responses and objections.

<u>Defendants' Burden Arguments Are Unsubstantiated and Lack Credibility.</u>

Defendants assert that "non-parties should not be required to bear the costs and burden of responding" because quashing the subpoenas "would potentially spare them unnecessary and costly document reviews and productions." *Bensky* Dkt. 54 at 2; *Jane Doe 3* Dkt. 19 at 2. But any argument concerning the "costs and burden" of "documents reviews or production" is overstated given that Plaintiffs have made clear that they are only seeking written responses at this time. *See* Ex. B at 1. Defendants' argument that third parties should not be subjected to the burden of merely responding to the subpoenas is wholly conclusory and falls far short of meeting their burden on a motion to quash. *Bamonte v. Charatan*, 2023 WL 4201416, at *2 (S.D.N.Y. June 27, 2023) ("The movant bears the burden of establishing undue burden."). Serving responses and objections to written discovery is routine and unlikely to generate significant costs. This is especially true here, where each of the third parties received (and responded to) similar subpoenas just over a year ago.

Defendants' counsel responded to subpoenas on behalf of the Epstein Estate, HBRK, Kahn, and Indyke (as well as other Epstein-related corporate entities) during the class action cases brought before Judge Rakoff against JP Morgan and Deutsche Bank. *See* Ex. C. At no point in



those cases did counsel claim that merely responding to subpoenas would be unduly burdensome. Given the substantial amount of work that Defendants' counsel have already done on behalf of Defendants and Epstein-related entities throughout the years, the assertion that it is unduly burdensome to respond to written discovery is implausible and greatly exaggerated.

Any argument concerning burden with respect to the Bella Klein subpoenas is even less credible and should be made by her instead of by Defendants based on speculation alone. On March 1, 2023, Bella Klein (through the same counsel she retained here) also responded to subpoenas seeking similar documents to those sought in these cases. *See* Composite Ex. D (Mar. 1, 2023, subpoena responses in *JP Morgan* and *Deutsche Bank* cases). She was fully able then to respond to two separate subpoenas within the fourteen days Rule 45 provides. There is also no reason to believe her responses would be burdensome at all given that in response to the prior subpoenas she merely invoked her rights under the Fifth Amendment and the Act of Production Privilege using the exact same wording in response to each request. *Id*.

For the foregoing reasons, the Court should deny Defendants' motion to quash.

Sincerely,

 */s/ Sigrid S. McCawley*

Sigrid McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com

*Counsel for Plaintiffs*