UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE BENSKY and JANE DOE 3, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　*Plaintiffs*,<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN,<br><br>　　　　　　　　　*Defendants*. | Civil Action No. 1:24-cv-01204 (AS) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
<u>DISCLOSURE OF THE IDENTITY OF PLAINTIFF JANE DOE 3</u>**

HUGHES HUBBARD & REED LLP

Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
daniel.weiner@hugheshubbard.com
marc.weinstein@hugheshubbard.com

*Attorneys for Defendant Darren K. Indyke*

PATTERSON BELKNAP WEBB & TYLER LLP

Daniel S. Ruzumna, Esq.
Tara J. Norris, Esq.
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
druzumna@pbwt.com
tnorris@pbwt.com

*Attorneys for Defendant Richard D. Kahn*

Plaintiff Jane Doe 3 fails to establish that disclosure of her identity would result in concrete and particularized psychological or retaliatory harm, or to justify proceeding as the sole class representative in this case while shielding herself from any public scrutiny of her ability to serve in that role. Because Ms. Doe has not met her heavy burden of justifying litigating this case from behind a cloak of anonymity, the Court should grant the motion of Defendants Darren K. Indyke and Richard D. Kahn (together, the "Co-Executors") to disclose her identity.

## I. THE RAGHAVAN DECLARATION FAILS TO MEET MS. DOE'S BURDEN OF SHOWING PARTICULARIZED HARM.

Ms. Doe relies heavily on a recent declaration from Dr. Chitra Raghavan (ECF No. 98-1) to argue that she has provided "medical corroboration" of particularized harm that would result from disclosure of her name. (Opp. (ECF No. 98) at 1-2, 4, 6, 9, 15.) But that declaration falls short of meeting Ms. Doe's "heavy burden" to establish particularized harm. *See Doe v. Juan Gonzalez Agency Corp.*, No. 21-CV-00610, 2022 WL 3100669, at *3 (S.D.N.Y. Aug. 4, 2022).

First, Dr. Raghavan is not Ms. Doe's treating physician. She references one conversation with Ms. Doe that occurred only *after* this litigation began and two days after the Co-Executors indicated they would oppose Ms. Doe's request for anonymity. (Raghavan Decl. ¶ 2; Mot. (ECF No. 81) at 1 n.1.) Dr. Raghavan did not review any medical records to establish Ms. Doe's medical history or support her "evaluation" – and for good reason. Despite Ms. Doe's claims of severe and ongoing psychological distress, her sworn interrogatory responses do not identify *any medical provider of any kind* that she consulted at any time in connection with her alleged abuse by Jeffrey Epstein, and her counsel confirmed that she has no medical records relevant to that alleged abuse. (Weiner Decl.[1] ¶ 2 & Ex. 1 at 8.) Though that alleged abuse occurred in 2014

---

1. References to "Weiner Decl." are to the Declaration of Daniel H. Weiner submitted herewith.

(Compl. (ECF No. 1) ¶ 109), the first medical professional Ms. Doe saw about her alleged trauma was Dr. Raghavan – more than a decade later, and only in the context of this litigation.

A declaration prepared under these circumstances is of little value. In *Doe v. Del Rio*, the plaintiff submitted a declaration from her therapist, opining that she would suffer a recurrence of post-traumatic stress disorder ("PTSD") if she had to disclose her identity. 241 F.R.D. 154, 161 (S.D.N.Y. 2006). The Court declined to credit that declaration because, "[a]lthough the report . . . comes from a therapist who was at one time engaged in treating the plaintiff, it is not based on ongoing familiarity with the plaintiff's situation, but rather appears to have been hastily prepared in contemplation of litigation." *Id*. at 161-62. Here, Dr. Raghavan has even *less* familiarity with Ms. Doe's situation because she has *never* been involved in treating Ms. Doe for any psychological condition – and neither has anyone else. The *Del Rio* Court also found the therapist's declaration insufficient because it was "based on a single meeting, of unspecified duration." *Id*. at 161. Here, Dr. Raghavan's declaration provides no insight as to how many times she spoke with Ms. Doe or for how long.

Second, the conclusory statements in Dr. Raghavan's two-page declaration are insufficient to establish particularized harm. Dr. Raghavan's opinion that "disclosure of Jane Doe 3's identity would cause significant psychological injury and emotional harm" (Raghavan Decl. ¶ 6) is substantively identical to statements from medical professionals that this Court has previously found inadequate to show particularized harm. *See, e.g.*, *Juan Gonzalez*, 2022 WL 3100669, at *3 (declaration from psychotherapist that plaintiff would "suffer severe, additional adverse mental health effects" failed to establish "a non-speculative link" between disclosure of plaintiff's name and alleged adverse effects); *Rapp v. Fowler*, 537 F. Supp. 3d 521, 530 (S.D.N.Y. 2021) (declaration from treating therapist insufficient because it failed to "give[ ] any

2

sense of the severity of any consequences of a 'retriggering' of the alleged PTSD by future disclosure of C.D.'s identity beyond the conclusory statements that it would entail anxiety, nightmares, and depression"); *Del Rio*, 241 F.R.D. at 161 (declaration from physician that plaintiff would "suffer a recurrence of PTSD along with depression" failed to "establish[ ] any link between public disclosure of plaintiff's name and the described psychological risk").

Moreover, the facts belie Ms. Doe's claim that disclosure of her identity would "threaten her already fragile family and work stability." (*See* Raghavan Decl. ¶ 5.) Ms. Doe was ▮ years old when she met Epstein and is ▮ now. ▮▮▮▮▮▮▮▮▮▮ (Weiner Decl. Ex. 2.) The Court should not credit the bare, unsupported conclusions in Dr. Raghavan's declaration.

## II. MS. DOE PRESENTS NO EVIDENCE OF RETALITORY HARM.

Ms. Doe provides no support for her claim that she would be at risk of "retaliatory harm" if her name were disclosed. (*See* Opp. at 5-6.) Ms. Doe's unsupported "concerns about being physically stalked and threatened" (Raghavan Decl. ¶ 7) are not tantamount to an *actual* risk of stalking or threats. And while Ms. Doe points to the statement in the Raghavan declaration that Epstein had a "network of power[ful] individuals in Jane Doe 3's country" (*id*. ¶ 10), Dr. Raghavan does not establish any foundation for that statement or address the fact that Epstein has been dead for more than five years. Ms. Doe does not identify a single person from that alleged "network of powerful individuals" who would seek to harm her or provide any evidence to raise her alleged "concern" above the level of pure speculation.

3

Ms. Doe also points to cases in which courts allowed individuals who alleged abuse by Epstein to proceed anonymously. (Opp. at 6.) Those cases are inapposite: in all but two of them, the request for anonymity was unopposed,[2] and the remaining cases were decided while Epstein was still alive.[3] The most recent case in this District to address whether individuals allegedly abused by Epstein can now proceed anonymously held that they cannot. *Doe 1 v. United States*, No. 1:24-cv-1071, 2024 WL 1885188, at *3 (S.D.N.Y. Apr. 30, 2024).

### III. AS THE SOLE CLASS REPRESENTATIVE, MS. DOE SHOULD NOT BE PERMITTED TO PROCEED ANONYMOUSLY.

Ms. Doe offers no justification for shielding her identity from the putative class members she seeks to represent. Ms. Doe argues that cases holding that class representatives may not proceed anonymously are distinguishable because, in those cases, the plaintiffs had not established a risk of harm. (Opp. at 11-12.) But, as set forth above, Ms. Doe has also failed to establish such harm. And Ms. Doe does not address the holdings in those cases that allowing class representatives to proceed anonymously improperly prejudices putative class members.

Instead, Ms. Doe cites *Deutsche Bank* and *JP Morgan*, but concedes that the class representatives' request for anonymity in those cases was unopposed. (*Id.* at 10.) And while Ms. Doe argues that her status as a potential recruiter for Epstein's alleged sex-trafficking venture is irrelevant to whether she can serve as a class representative, *JPMorgan* indicates that, depending

---

2. *Doe 1 v. JP Morgan Chase & Co.*, No. 22-cv-10019 (S.D.N.Y. Dec. 8, 2022), Dkt. 22; *Doe 1 v. Deutsche Bank Aktiengesellschaft*, No. 22-cv-10018 (S.D.N.Y. Dec. 5, 2022), Dkt. 28; *Doe 1000 v. Indyke*, No. 19-cv-10577 (S.D.N.Y. Jan. 24, 2020), Dkt. 23; *Doe 17 v. Indyke*, No. 19-cv-9610 (S.D.N.Y. Nov. 8, 2019), Dkt. 25; *Doe v. Indyke*, No. 19-cv-7771 (S.D.N.Y. Sept. 12, 2019), Dkt. 28; *Doe 43 v. Epstein et al.*, No. 17-cv-616 (S.D.N.Y. Apr. 5, 2017), Dkt. 28; *Doe 103 v. Epstein*, No. 10-cv-80309 (S.D. Fla. Mar. 9, 2010), Dkt. 5.

3. *Doe v. Epstein*, No. 08-cv-80119 (S.D. Fla. Aug. 7, 2009), Dkt. 253; *Doe v. Epstein*, No. 08-cv-80893 (S.D. Fla. Oct 6, 2008), Dkt. 15.

on the facts of the case, an *in pari delicto* defense is relevant to a class representative's typicality. 2023 WL 3945773, at *6 (S.D.N.Y. June 12, 2023).

Ms. Doe's other cited cases only underscore the difference between this case and the type of case where a class representative may proceed anonymously. In *Doe v. City of Apple Valley*, the court allowed class representatives to proceed anonymously because the class action raised only constitutional issues, such that the identity of any particular plaintiff was not germane. No. 20-cv-499, 2020 WL 1061442, at *3 (D. Minn. Mar. 5, 2020). *R.F.M. v. Nielsen* similarly challenged government policy "based purely on questions of law," where "[t]he particular identities of the plaintiffs ha[d] little bearing on the nature of the dispute or the merits of the case." 365 F. Supp. 3d 350, 372 (S.D.N.Y. 2019). And in *Does I Thru XXIII v. Advanced Textile Corp.*, if the plaintiffs' identities were disclosed, they would be "fired from their jobs, deported from Saipan, and arrested and imprisoned by the People's Republic of China." 214 F.3d 1058, 1062 (9th Cir. 2000). None of those circumstances exists here to justify permitting Ms. Doe to proceed as the sole class representative without disclosing her identity.

Dated: August 29, 2024
       New York, New York

| | |
|---|---|
| */s/ Daniel H. Weiner* | */s/ Daniel S. Ruzumna* |
| Daniel H. Weiner, Esq. | Daniel S. Ruzumna, Esq. |
| Marc A. Weinstein, Esq. | Tara J. Norris, Esq. |
| HUGHES HUBBARD & REED LLP | PATTERSON BELKNAP WEBB & TYLER LLP |
| One Battery Park Plaza | 1133 Avenue of the Americas |
| New York, New York 10004 | New York, New York 10036 |
| Telephone: (212) 837-6000 | Telephone: (212) 336-2000 |
| daniel.weiner@hugheshubbard.com | druzumna@pbwt.com |
| marc.weinstein@hugheshubbard.com | tnorris@pbwt.com |
| *Attorneys for Defendant Darren K. Indyke* | *Attorneys for Defendant Richard D. Kahn* |

5