

October 7, 2024

GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 65.

**VIA ECF**

SO ORDERED.

The Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007
(212) 805-0238

Arun Subramanian, U.S.D.J.
Date: December 5, 2024

Re: *Jane Doe 3 v. Indyke et al.,* **Case No. 1:24-cv-01204-AS**
*Jane Doe 3 v. Indyke et al.,* **Case No. 1:24-cv-02192-AS**

Dear Judge Subramanian,

Pursuant to Paragraphs 11(C)(ii)–(iii) of Your Honor's Individual Practices in Civil Cases, Plaintiff Jane Doe 3 hereby seeks leave to seal the names of possible victims of Jeffrey Epstein that were inadvertently left unredacted by the parties. Defendants consent to this request. The female names appearing at the following page numbers and docket numbers in *Jane Doe 3 v. Indyke et al.*, Case No. 1:24-cv-01204-AS were temporarily sealed by the Clerk's Office pursuant to ECF Rule 21.7 on Friday, October 4, 2024:

| Dkt No | Exhibit No. | Page No. |
|--------|-------------|----------|
| 54-1 | Ex. A | 10, no. 14; 15, no. 8 |
| 54-2 | Ex. B | 10, no. 14; 15, no. 8 |
| 54-3 | Ex. C | 10, no. 14; 15, no. 8 |
| 54-4 | Ex. D | 10, no. 14; 15, no. 8 |
| 76-1 | Ex. A | 10, no. 14; 15, no. 8 |
| 76-2 | Ex. B | 10, no. 14; 15, no. 8 |
| 76-3 | Ex. C | 9, no 8. |
| 76-4 | Ex. D | 9, no 8. |
| 78-1 | Ex. 1 | 10, no. 14; 15, no. 8 |

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



| | | |
|---|---|---|
| 78-2 | Ex. 2 | 10, no. 14; 15, no. 8 |
| 120-7 | Ex. G part 1 | various |
| 120-8 | Ex. G part 2 | various |
| 153-4 | Ex. D | 15 |

Plaintiff requests that the names remain under seal moving forward.

Plaintiff also requests that the names appearing at the following page numbers and docket numbers in *Jane Doe 3 v. Indyke et al.,* Case No. 1:24-cv-02192-AS be sealed.  The Clerk's Office placed these documents under temporary seal pursuant to ECF Rule 21.7 earlier today.

| Dkt No | Exhibit No. | Page No. |
|---|---|---|
| 19-1 | Ex. A | 10, no. 14; 15, no. 8 |
| 19-2 | Ex. B | 10, no. 14; 15, no. 8 |
| 19-3 | Ex. C | 10, no. 14; 15, no. 8 |
| 19-4 | Ex. D | 10, no. 14; 15, no. 8 |

Courts have granted sealing requests to protect the identities of victims of sex trafficking, including the identities of victims of Jeffrey Epstein.  Plaintiff's proposed redactions are narrowly tailored to protect only the sensitive categories of information that would reveal her identity or the identities of other victims.

The Protective Order in these cases permit the Parties to designate as Confidential

any information that could reveal the identity of any actual or alleged victim of abuse of Jeffrey E. Epstein who has not been identified publicly, including the victim's name, address, and birthdate.  This category includes, but is not limited to, the identity of Plaintiff Jane Doe 3 until such time as the Court orders her name to be disclosed.

The redactions Plaintiff proposes cover information that is protected by the Protective Order, because the information threatens to reveal the identities of other sex-trafficking victims.

The narrowly tailored redactions and requests for sealing are justified under the First Amendment and the common law.  While the documents at issue are judicial documents, the



presumption of access to the documents associated with this discovery filing is lower and outweighed by the privacy interests of Plaintiff and other victims.

Courts have found that the "weight of the presumption" of public assess is "not particularly great" when the documents are "submitted in connection with a dispositive motion, but merely a motion [for] further discovery from a party." *Alexander Interactive, Inc.*, 2014 WL 4346174, at *2; *In re Upper Brook Cos.*, 2023 WL 172003, at *5 (S.D.N.Y. Jan. 12, 2023) (documents at issue were "subject to a lesser" presumption of public access because application to take discovery in aid of a foreign proceeding was non-dispositive).  Any presumption of public access that these documents are entitled to is lessened by the fact that this is an application for discovery.

The privacy interests of victims of sex abuse and human trafficking are strong and outweigh the lower presumption of public access here.  In *Giuffre v. Maxwell*, Judge Preska repeatedly recognized the "gravity of the privacy interests" of "victims of Jeffrey Epstein's abuse." *Giuffre v. Maxwell*, No. 15-CV-7433, Dkts. 1113, 1161.  The Court explained that "[t]hose interests are particularly acute given that the psychological and emotional wellbeing of survivors of alleged sexual assaults may be implicated by such a broad disclosure." *Giuffre v. Maxwell*, No. 15-CV-7433, Dkt. 1113.  In *Doe 1 v. JP Morgan Chase Bank, N.A.*, Judge Rakoff recently found that the privacy interest of a victim of Epstein justified sealing because "[p]rotecting the identity of sexual assault survivors and the details of their assaults is traditionally considered private and has been widely recognized as a compelling reason to limit public access to judicial documents." No. 22-CV-10019, 2024 WL 3597196, at *6 (S.D.N.Y. July 30, 2024).  Thus, Plaintiff's privacy interests as a yet-to-be-identified victim of Epstein weigh heavily in favor of the requested redactions and sealing.

In light of the foregoing, Plaintiff respectfully requests that the Court grant partial sealing of the names at the above docket entries.

Respectfully submitted,

*/s/ Sigrid McCawley*
David Boies
Andrew Villacastin
Alexander Law
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com

Sigrid McCawley
Daniel Crispino
Boies Schiller Flexner LLP



401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com